688 So.2d 100 (1997)
Diane M. WHITE,
v.
WAL-MART STORES, INC.
No. 96-CA-617.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 1997.
Writ Granted March 7, 1997.
*101 Frederick R. Campbell, Geoffrey J. Orr, Metairie, for appellant Wal-Mart Stores, Inc.
Colin D. Sherman, New Orleans, for appellee Diane M. White.
Before DUFRESNE, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
Defendant, Wal-Mart Stores, Inc., appeals from a judgment in favor of plaintiff, Diane White, in a slip and fall case. We affirm.
On June 3, 1994, at approximately 5:00 p.m., plaintiff and her two grandchildren arrived at the Wal-Mart store on Berhman Highway in Jefferson Parish, Louisiana. The store was not crowded. After a time, the children wanted a snack, so they all proceeded to the aisle where that merchandise is displayed. They walked down the aisle in one direction without choosing anything. Then, they turned around and came back down the aisle in the other direction. Plaintiff took a few steps into a clear liquid on the floor, slipped and fell. Plaintiff was in the snack area only a few minutes when the accident occurred.
The area where plaintiff fell was approximately fifteen feet from the service desk where Lorna Robinson, an employee of defendant, was working. Robinson saw plaintiff falling and immediately went to her assistance. Robinson instructed plaintiff not to get up, paged the manager and cleaned up the spill with paper towels from a nearby rack set up for that purpose. After speaking to the manager, plaintiff was provided a wheelchair and left the store. Plaintiff had a pre-existing back problem and was later treated for shoulder and back pain related to the fall.
Robinson testified that defendant had a safety manual and all employees were responsible for safety in the store and in their zones. However, no particular person was appointed in each department. Robinson's zone was the service desk. The store held regular safety meetings, usually as part of the morning meetings held every day. Defendant also had a system whereby safety sweeps were made through the store, but they were performed by others and Robinson did not know the schedule. She testified that the Head Manager was responsible for seeing that these were conducted. In his absence, one of the other managers or assistants was in charge. Robinson stated that sweeps were made by personnel assigned to sweeping and cleaning the floor on a schedule and when a spill needed mopping or sweeping, the other employees called them. The employees would place a basket over a problem area until the sweep person arrived. If the spill could be cleaned up with paper towels, the employee in the area cleaned it and no one called the sweeper. Robinson was not responsible for the sweepers or inspections of zones. She testified that she did not know when the last sweep was made in her area, although she said that one had been performed after she returned from lunch. Robinson testified that she went to lunch between 2:00 p.m. and 3:00 p.m. on the date of the accident. There were no buggy tracks or footprints through the liquid and the snack and customer service areas were not busy at the time of the accident. The floor of the store is gray in color.
Plaintiff filed suit on March 17, 1995 in Second Parish Court. The case was tried on March 1, 1995 and taken under advisement. The judgment was rendered on May 7, 1995 in favor of plaintiff in the amount of $5942.50 ($5200 for pain and suffering and $742.50 for medical expenses), plus legal interest and costs.
On appeal, defendant argues that the trial judge erred in finding it liable, asserting *102 that plaintiff failed her burden of proof under La.R.S. 9:2800.6(B)(3). Defendant argues that plaintiff failed to show actual or constructive notice of the spill and failed to prove that defendant did not exercise reasonable care.
La.R.S. 9:2800.6 provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.
"Whether the merchants' protective measures were reasonable must be determined in light of the circumstances of each case, along with the risk involved, the merchant's type and volume of merchandise, the type of display, the floor space utilized for customer service, the volume of business, the time of day, the section of the store, and other such considerations." Saucier v. Kugler, Inc., 628 So.2d 1309, 1312, (La.App. 3rd Cir.1993), citing Castille v. Great Atlantic & Pacific Tea Co., 591 So.2d 1299 (La.App. 3rd Cir.1991) and Johnson v. Wal-Mart Stores, Inc., 616 So.2d 817 (La.App. 2nd Cir.1993); Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95) 655 So.2d 309.[1] In Parker v. Winn-Dixie Louisiana, Inc., 615 So.2d 378, 380 (La.App. 5th Cir.1993), this court held that the merchant had constructive notice of the spill when the store aisle was not inspected five to ten minutes prior to the accident and defendant had no knowledge of when it had last been inspected.
On review of a factual determination, the appellate court may not set aside the trier's findings of fact in the absence of manifest error or unless they are clearly wrong. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216, 220. A proper review cannot be "completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record established that the finding is not clearly wrong." Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Ambrose v. New Orleans Police Department Ambulance Service, 639 So.2d. at 220. The discretion vested in the trier of fact is great. Id. at 220. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, 92-1328 (La.1993); 617 So.2d 880, 882-83. However, "the court of appeal has a constitutional function to perform and has every right to determine whether the trial court verdict was clearly wrong based on the evidence, or clearly without evidentiary support." Ambrose v. New Orleans Police Dept. Ambulance Service, 639 So.2d at 221.
*103 In this case, defendant does not contest that plaintiff proved that there was liquid on the floor, which presented a foreseeable and unreasonable risk of harm. Defendant contends that plaintiff failed to prove actual or constructive notice because there was no testimony that the merchant or its agent caused the liquid to be on the floor or negligently allowed it to remain for such a period of time that it would have been discovered if it had exercised reasonable care. It argues that plaintiff failed to call anyone to testify, such as the manager or assistant manager, who could testify to the safety procedures taken that day. Plaintiff argues that the trial judge was not manifestly erroneous in his factual findings[2]
The facts in this case are undisputed, except for one. The disputed fact is whether Robinson, or someone working in the service desk area, could or should have noticed the spill. Robinson stated that there were displays between her and plaintiff which impeded her view of the floor. She testified that when plaintiff fell, she only saw her from the waist up. However, plaintiff testified that there were no obstructions between Robinson and the area where plaintiff fell.
Robinson was familiar with the safety procedures and was a proper witness on this point. The trial judge did not provide reasons for judgment, but he could have found that Robinson's view was not obstructed and any employee working in her zone could have noticed the spill. In addition, he could have concluded that the sweep noticed by Robinson occurred right after 3:00 p.m., when she returned from lunch, since it is reasonable that she would have remembered the sweep occurring then, before her attention was distracted by customers. He should have also concluded that the spill occurred closer in time, but that it could have been discovered had defendant exercised reasonable care. We agree with defendant that there was no testimony showing what caused the liquid to be on the floor. However, we do not agree that the trial judge erred in finding that defendant negligently allowed the spill to remain for such a period of time that it would have been discovered if defendant had exercised reasonable care. Since defendant did not produce any witnesses at trial to show that a sweep occurred nearer in time to the accident, we must conclude that the trial judge was not clearly wrong in finding that plaintiff bore her burden of proof and in finding defendant liable.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by appellant.
AFFIRMED.
NOTES
[1] See Welch for an in-depth analysis of the burden of proof under La. R.S. 9:2800.6 and our recent opinion, Stewart v. Winn Dixie, 96-599 (La. 5th Cir. 12/11/96), 686 So.2d 907.
[2] Plaintiff further argues that she attempted to subpoena the assistant manager on duty at the Wal-Mart on the day the accident occurred, but the subpoena was returned "Subject Unknown", despite the fact that he continued to work for Wal-Mart in a different store. However, this allegation was not put into evidence and we cannot consider factual allegations not properly introduced into evidence.