722 So.2d 78 (1998)
Winifred VERGIN
v.
McDONALD'S RESTAURANTS OF LOUISIANA, INC.
No. 97 CA 2471.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
Writ Denied January 29, 1999.
*79 Clark Richard, Gretna, for Plaintiff-Appellant Winifred Vergin.
Esmond Phelps, II, James R. Swanson, New Orleans, Defendants-Appellees Byron and Virginia S. Bennett.[1]
Before LeBLANC, FOGG and PARRO, JJ.
PARRO, Judge.
Winifred Vergin, the plaintiff in this slip and fall case, appeals the trial court's judgment granting the defendants' motion for a directed verdict and dismissing her case. We affirm.

FACTUAL BACKGROUND
The defendants, Byron and Virginia S. Bennett, are the owners and franchisees of a McDonald's restaurant in Houma, Louisiana. On February 7, 1992, shortly before closing time, Ms. Vergin went into the restaurant and ordered a filet of fish sandwich, a "Quarter Pounder" with cheese, and two "Happy Meal" cheeseburgers with Cokes. When she received her order, she took it to her car. Ms. Vergin then came back inside to buy a milkshake that her son wanted. As she turned from the counter after making this second purchase, she slipped and fell, landing on her back. After she fell, several employees noticed a small spot of liquid in front of the counter near where she fell. This spot was variously estimated to be three to six inches in diameter. There were no other wet spots or foreign objects on the floor. As a result of this fall, Ms. Vergin injured her back.
On September 21, 1992, she filed this lawsuit, seeking damages for her injuries. At the trial, after Ms. Vergin presented all her evidence to the jury, the defendants moved for a directed verdict. The trial court granted the motion and dismissed her case, stating the following:
Article 1810 [of the Louisiana Code of Civil Procedure] provides that a directed verdict is proper when[,] considering all the evidence in [a] light most favorable to the party opposed [to] the motion[, it] is clear that the facts and inferences [point] so strongly and overwhelmingly in favor of mover that reasonable jurors cannot reach a contrary verdict.
However, if there is substantial evidence or evidence of such quality and weight that reasonable and fair minded jurors in exercising an impartial judgment might reach different conclusions the motion should be denied and the case should be submitted to the jury. But you must look at the underlying cause of the plaintiff's case to decide whether a motion for [directed verdict] is proper or not in any particular case.
This accident happened in 1992. The statute that we're governed by is Revised Statute 9:2800.6.
The evidence demonstrated that there was some type of foreign substance, probably coke, on the floor.
* * *
The real issue is whether the plaintiff has met his burden and it is his burden under 9:2800.6, where there's substantial evidence that should go to a jury under paragraph B(1). Certainly B(1) has been met at this point to go to a jury, the condition presented unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
The second requirement that the plaintiff has in his burden, the merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence. The two witnesses that testified as to the condition, in particular the only evidence or circumstantial evidence is the carrying out of the garbage bags. Both witnesses that testified about the carrying out of the garbage bag testified it did not go across this particular *80 area. So there's no evidence offered by the plaintiff that it did. It's mere speculation. So there's been no evidence that the merchant created the situation.
* * *
The other part, the other element, is [the merchant] had actual or constructive notice of the condition. And constructive notice means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. Nobody testified that the McDonald's employees had any actual knowledge of the condition until [Ms.] Vergin slipped and fell or allegedly slipped and fell.
So the only thing would be the constructive notice. There was testimony by the girl that was handling the ketchup that some ten to fifteen minutes before the incident she had swept this very same area and there was nothing there.
The Court noted that the coke by all eye witnesses was not spread out or there was no skid mark. If she had swept over the coke it would have been spread out or smeared. It was still in a splashed type situation.
* * *
The testimony from the two former employees, I should note these are former employees who no longer work for McDonald's, that they did have a pathway every thirty minutes that they went and checked the whole facility. And then we have the girl that was working the ketchup that said that she swept the area ten to fifteen minutes [earlier].
The Court feels there's been absolutely no evidence to prove that either the employees of McDonald's or McDonald's had actual or constructive notice; and I therefore feel the plaintiff ... has failed to meet the standard of proving a prima [facie] case good enough to go to a jury and I'm going to grant the directed verdict.
In response to a question from Ms. Vergin's attorney, the court added:
I find that the evidence shows they had an adequate inspection procedure, and I don't think there's been any evidence to the contrary.
This appeal followed.

APPLICABLE LAW AND STANDARD OF REVIEW
LSA-C.C.P. art. 1810, which governs directed verdicts, states as follows:
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
A trial court has much discretion in determining whether or not to grant a motion for directed verdict. New Orleans Property Dev., Ltd. v. Aetna Casualty and Surety Co., 93-0692 (La.App. 1st Cir.4/8/94), 642 So.2d 1312, 1315; Belle Pass Terminal, Inc. v. John, Inc., 92-1544 and 92-1545 (La. App. 1st Cir.3/11/94), 634 So.2d 466, 478, writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094. A motion for directed verdict is appropriately granted in a jury trial when, after considering all evidentiary inferences in the light most favorable to the party opposing the motion, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. Barnes v. Thames, 578 So.2d 1155, 1162 (La.App. 1st Cir.), writs denied, 577 So.2d 1009 (La.1991). However, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury. Newpark Resources, Inc. v. Marsh & McLennan of Louisiana, *81 Inc., 96-0935 (La.App. 1st Cir.2/14/97), 691 So.2d 208, 211, writ denied, 97-0691 (La.4/25/97), 692 So.2d 1094.
On appeal, the standard of review for directed verdicts is whether, viewing the evidence submitted, the appellate court concludes that reasonable people could not reach a contrary verdict. Furthermore, the propriety of a directed verdict must be evaluated in light of the substantive law underpinning the plaintiff's claims. Theriot v. Bourg, 96-0466 (La.App. 1st Cir.2/14/97), 691 So.2d 213, 219, writ denied, 97-1151 (La.6/30/97), 696 So.2d 1008.
Louisiana Revised Statute 9:2800.6, as revised in 1990 and in effect at the time of the plaintiff's accident, provides in relevant part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
The Louisiana Supreme Court analyzed the requirements of constructive notice in the recent case of White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. The court noted that the statute is clear and unambiguous, and requires the claimant to "make a positive showing of the existence of the condition prior to the fall." White, 699 So.2d at 1084. On the other hand, a defendant merchant does not have to show the absence of the condition before the fall. Further,
there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.
White, 699 So.2d at 1084-85.

ANALYSIS
Our review of the record in this case convinces us that the trial court correctly evaluated the evidence presented by Ms. Vergin in concluding she had not borne her burden of proof under the statute and no reasonable juror could find that she had. The accident occurred shortly before closing time, probably about 11:30 p.m. Although there were a few customers in the restaurant, it was not a busy period and the employees were cleaning and preparing the premises for closing at midnight. The only suggestion that the merchant created the wet spot on the floor was implicit in questions concerning possible leakage from garbage bags while those were carried to the trash bin. Jennifer Price, the former employee who actually performed that task, completely negated this possibility. She pointed out the route she traveled with the garbage bags and stated unequivocally that she did not carry those bags across the spot where the wet spot was. Carrie Camille, who was the Swing Manager the evening the accident occurred, also said the spill was not in the path of people carrying out the garbage, but was closer to the cash registers. Both of these former employees also said that the procedure when emptying the garbage was to check first for a leak in the bag; if the bag was leaking, the employee would take the whole can out to the back, without first removing the bag. Ms. Price and Ms. Camille also stated there were no other wet spots, as *82 one would expect if a garbage bag had dribbled its contents across the floor while being carried out. Accordingly, the trial court correctly concluded there was no evidence that the merchant created the condition.
Additionally, there was no testimony that any of the employees knew of the condition before the fall. Ms. Price said she was standing behind the counter stocking the ketchup and, from that vantage point, could not see the floor where Ms. Vergin was lying when she fell. Both Ms. Price and Ms. Camille stated they first saw the liquid on the floor when they came out from behind the counter and examined the floor in the area of the fall. Ms. Price also testified she had not seen any liquid in that area when she cleaned and swept the lobby some fifteen minutes earlier. Therefore, the trial court's review of the evidence justified the conclusion that there was no evidence that the merchant had actual notice of the wet spot on the floor.
Failing those two elements, the only other way the plaintiff could have satisfied her burden of proof was by showing the merchant had constructive notice of the condition which caused the damage, prior to the occurrence. To satisfy this burden, Ms. Vergin had to show the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. This she completely failed to do. Her own testimony refutes this inference. Ms. Vergin, who had crossed this same spot three times in the few minutes immediately preceding her fall, said she did not notice anything wet on the floor in the area. More significantly, Ms. Price testified she had already cleaned and swept the lobby area, including the area in front of the counter where Ms. Vergin fell, between five and fifteen minutes earlier. In the course of cleaning the customer areas, she would look for anything on the floor and sweep or mop it up. She had just finished that task before re-stocking the ketchup. Ms. Camille remembered seeing Ms. Price performing those cleaning duties in the lobby shortly before Ms. Vergin fell. Ms. Camille also testified that, in accord with McDonald's written procedures, she walked a prescribed path around the premises every thirty minutes. This path took her through the area where Ms. Vergin fell. Ms. Camille estimated she had made her last pass about 11 p.m. and had not noticed anything on the floor at that time. Another employee, William James Voisin, who was working at the drive-in window when Ms. Vergin fell, stated that although he did not remember the last time he had been in the lobby, all employees were trained to walk through the lobby whenever they were not busy to check on its condition. He estimated that, unless it was really busy, the employees did this about every ten or fifteen minutes, and the manager made a pass about every thirty minutes.
This evidence does not establish that the wet spot on the floor had been there for some time before Ms. Vergin fell. As the supreme court stated in White, it would be error to "find constructive notice ... without any positive showing of how long the spill was in existence...." White, 699 So.2d at 1086. Accordingly, based on the evidence presented by Ms. Vergin in this case, as a matter of law, no reasonable juror could find that she satisfied her burden of proof under the applicable statute.

CONCLUSION
For the above reasons, the trial court's judgment dismissing Ms. Vergin's suit is affirmed. All costs of this appeal are assessed to Ms. Vergin.
AFFIRMED.
NOTES
[1] McDonald's Restaurants of Louisiana, Inc. was incorrectly named as a defendant, and later dismissed on the plaintiff's motion. The correct defendants, Byron and Virginia S. Bennett, are the owners and franchisees of the restaurant where the incident sued upon occurred.