BETTY BAUGH AND ROGER BAUGH
v.
WAL-MART STORES, INC.
No. 2007 CA 0425.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
ALLAN L. PLACKE, Johnson & Placke, L.L.P., and WILLIAM H. ARATA, Arata & Arata, Attorneys for Plaintiffs-Appellants, Betty and Roger Baugh.
SIDNEY J. HARDY, LYNDA A. TAFARO, McCRANIE, SISTRUNK, ANZELMO, HARDY, Maxwell & McDaniel, Attorneys for Defendant-Appellee, Wal-Mart Stores, Inc.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
Betty and Roger Baugh appeal a district court judgment granting a motion for summary judgment in favor of Wal-Mart Stores, Inc. (Wal-Mart) and dismissing their claims against it. On March 20, 2003, Betty Baugh slipped and fell on a wet spot on the floor in the check-out aisle of a Wal-Mart store in Covington. She suffered back injuries that eventually required surgery. She and her husband sued Wal-Mart, seeking damages due to her injuries.
Citing LSA-R.S. 9:2800.6,[1] Wal-Mart filed a motion for summary judgment, alleging that none of its employees had put the liquid there and none of them had actual or constructive knowledge of the presence of the liquid on the floor and the opportunity to correct the condition before Mrs. Baugh fell. The Baughs opposed the motion. After a hearing, the district court granted the motion and dismissed the Baughs' claims. The judgment was signed October 26, 2006.
In this appeal, the Baughs contend that in their opposition to the motion, they produced evidence sufficient to establish that they could prove constructive notice on the part of Wal-Mart. They also argue that since two photographs of the spilled liquid were taken by a Wal-Mart employee immediately after Mrs. Baugh's fall, but were not produced during discovery, an evidentiary presumption supports the inference that the photographs contained evidence adverse to Wal-Mart's position.
After a thorough de novo review of the evidence in the record in this case, we find that Wal-Mart satisfied its burden of proof by pointing out to the district court that the Baughs did not have factual support essential to their claim that Wal-Mart had actual or constructive notice of the wet condition in its checkout aisle prior to Mrs. Baugh's fall. We further find that the Baughs did not produce factual support sufficient to establish that they would be able to satisfy at trial their burden of proof on the issue of Wal-Mart's actual or constructive notice.[2] See LSA-C.C.P. arts. 966(C)(2); White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So.2d 1081; Vergin v. McDonald's Restaurants of Louisiana, Inc., 97-2471 (La. App. 1st Cir. 11/6/98), 722 So.2d 78, writ denied, 98-2996 (La. 1/29/99), 736 So.2d 837. Nor did they produce evidence that Wal-Mart had deliberately concealed or destroyed the photographic evidence after it had notice of this litigation. See Dickerson v. Winn-Dixie, Inc., 01-0807 (La. App. 1st Cir. 2/27/02), 816 So.2d 315, 318, writ denied, 02-0951 (La. 5/31/02), 817 So.2d 99.
The issues in this appeal involve only the application of well-settled rules to recurring fact situations; its disposition is clearly controlled by jurisprudential precedent and statute. Therefore, we issue this opinion in accordance with Uniform Court of Appeal Rule 2-16.2(A)(2) and (4), and affirm the judgment. All cost of this appeal are assessed against Betty and Roger Baugh.
AFFIRMED.
NOTES
[1] Louisiana Revised Statute 9:2800.6 states, in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care....
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care....
[2] While we sympathize with the difficulty any injured customer has in proving a merchant's actual or constructive knowledge of a dangerous condition on its premises, we cannot change the clear requirements of the statute.