hCHEHARDY, Judge.
This supermarket slip-and-fall case comes before us on a summary judgment. Plaintiff appeals the dismissal of her claim on a determination that there was nothing to indicate constructive notice to the defendant. We affirm.
Plaintiff filed suit in February 1993, alleging that while she was shopping at The Real Superstore on May 11, 1992 she tripped on a baby’s teething ring in the middle of the aisle and fell forward to her knees. She claimed she suffered severe traumatic injury to both knees, had undergone surgery on the right knee, was contemplating surgery on the left knee, and anticipated future joint replacement surgery. She also claimed a lumbar injury.
For several years the case moved slowly, with desultory discovery proceedings or other activity. On June 12, 1995 National Tea Company sold its New Orleans assets, specifically the store in question, to a new owner and the stores were closed. The sale was an asset purchase agreement and the new owner did not assume any liability for personal injury accidents occurring pri- or to the date that the store was closed.
In February 1998 National Tea Company filed a motion for summary judgment. In support of the motion National filed a statement of uncontested material facts which asserted that no one knows where the teething ring came from, that it was not in the baby |3food or baby toy aisle of the store and that plaintiff does not know where the teething ring came from or how long it had been on the floor prior to her fall. Also attached was an excerpt from the plaintiffs deposition. In opposition plaintiff filed an excerpt from the deposition of Nancy Palmisano, who said among other things that there were floor checks done every half hour.
The trial court granted summary judgment in favor of National, stating there was nothing in the record to indicate that there was any constructive notice to the defendants.
La. R.S. 9:2800.6 sets out the burden of proof for persons bringing negligence claims against merchants for falls on their premises:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
*960 (1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown | ¿that the employee knew, or in the exercise of reasonable care should have known, of the condition. [Emphasis added.]
The ruling case in interpreting the statute is White v. Walr-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1082:
It is the plaintiffs burden to prove each element of her cause of action under La. R.S. 9:2800.6(B) (1991). Furthermore, because constructive notice is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 9:2800.6(B)(2) (1991), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.
The court noted that the phrase “such a period of time .includes a temporal element and there can be no inference of constructive notice absent some showing of this temporal element. “The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.” White v. Wal-Mart Stores, Inc., 699 So.2d at 1084. “A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.” 699 So.2d at 1084-1085.
On a motion for summary judgment, “if the movant will not bear the burden of proof at trial on the matter before the court,” “the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966. Thus, “if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial there is no genuine issue of fact.” Id.
Here, Nancy Palmisano testified by deposition that there were no written inspection policies and that she had not undergone any safety or clean-up training. She ^conducted floor checks every half hour; in between that time everyone was responsible for looking at their departments. The store’s incident report indicated Patrick Lee had conducted a safety check at 10:30 a.m. and another at 11:00 a.m. The report also indicates that plaintiff fell at approximately 10:50 a.m.
Plaintiff contends that evidence indicates the teething ring could have been on the floor for up to a half hour and creates an issue of material fact precluding summary judgment.
However, plaintiff is unable to present any positive evidence to support her claim. Under the White case, she has not carried her burden of establishing the object was on the floor long enough to constitute constructive notice to the store.
Accordingly, we find no error in the trial court’s grant of summary judgment. The judgment is affirmed. Each party is to pay their own costs.

AFFIRMED.