**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-30014

(Summary Calendar)

_____

PAULINE DOUGLAS,

Plaintiff-Appellant,

versus

COTTONLAND RESTAURANT, Etc., ET.AL.,

Defendants,

BONO ENTERPRISES; COTTONLAND INN; COTTONLAND
RESTAURANT; AMERICAN CENTRAL INSURANCE CO; J. L.
COOK, doing business as Cottonland Inn, doing business as Bono
Enterprises,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 98-CV-2218

November 28, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Pauline Douglas injured her left foot, left ankle, and back in a fall on the steps at the Cottonland Inn. Douglas alleges that the cause of the fall was either two grapes left on the steps that precipitated her slip, or cracks on the steps that caught the heel of her shoe (or a combination of both). The district court granted summary judgment in favor of Cottonland because Douglas provided no evidence that the grapes had been present for a length of time sufficient to put Cottonland on constructive notice. We now affirm.

On appeal Douglas makes two basic arguments as to why summary judgment was inappropriate. First, she argues that the steps were defective insofar as they were cracked, independent of the presence of the grapes. This argument fails, however, because parties are not permitted to allege new facts on appeal in order to overcome a summary judgment. *See Smith v. Olin Chemical Corp.*, 555 F.2d 1283, 1285 (5th Cir. 1977). On the record before us, Douglas's own deposition testimony forecloses the possibility of a crack theory when she states that while she did see "maybe a little dent," she was sure it was the grapes that caused her fall.

Second, Douglas argues there is a factual issue over whether Cottonland's clean-up policies were adequate. The cleaning staff at Cottonland departs between 2 and 4 p.m. daily; when they are gone, inspection and clean-up becomes a residual responsibility of the operator of the inn. The lack of formal clean-up procedures after a certain hour, however, do not relieve Douglas of her burden of proving the temporal element of constructive notice. *See Hernandez v. National Tea, Inc.*, 734 So.2d 958, 960 (La.App.5 Cir. 1999) (lack of written inspection policies and clean-up training

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient to prove constructive notice); *cf.* La. Rev. St at. Ann. § 2800.6(b)(3) ("In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.").

Because Douglas has failed to offer proof that the grapes were on the steps for any amount of time before her fall, she has not met her burden of proving constructive notice, and summary judgment was appropriate.

AFFIRMED.