|, AMY, J.,
dissenting.
Although I agree with the majority that the affidavit at issue was improperly considered under the newly revised La.Code Civ.P. art. 966, I respectfully dissent from the conclusion that the denial of the motion for summary judgment was proper. In my opinion, the opposition to the motion for summary judgment was not supported by “factual support sufficient to establish that he will be able to satisfy [her] eviden-tiary burden of proof at trial[.]” La.Code Civ.P. art. 966(C)(2). The evidence fails to raise genuine issues of material fact regarding the actual or constructive notice requirement of La.R.S. 9:2800.6.
In White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97); 699 So.2d 1081, the Louisiana Supreme Court discussed the requirement of La.R.S. 9:2800.6 that the plaintiff demonstrate that the condition “existed for such a period of time.... ” The court wrote that “[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.” Id. at p. 5; 1084. Although the court explained that the plaintiff was not required to prove a specific length of time of the condition’s existence, it explained that “constructive notice requires that the claimant prove the condition existed for some time period pri- or to the fall.” Id. See also Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La. 4/13/99); 733 So.2d 1188.
Review of the evidence submitted by the plaintiff reveals the existence of debris on the floor at the time of and after the fall. However, I do not find the evidence presented to be sufficient to demonstrate that this condition existed for any time period prior to the fall. Accordingly, I do not find the plaintiffs evidence to be sufficient, given the statutorily required temporal element discussed by the supreme court in White.
I respectfully dissent.