699 So.2d 1081 (1997)
Diane M. WHITE
v.
WAL-MART STORES, INC.
No. 97-C-0393.
Supreme Court of Louisiana.
September 9, 1997.
Rehearing Denied October 10, 1997.
*1082 Frederick R. Campbell, Geoffrey J. Orr, Campbell, McGranie, Sistruck, Anzelmo & Hardy, Metairie, for Applicant.
Colin D. Sherman, New Orleans, for Respondent.
Elizabeth S. Cordes, Robert E. Peyton, New Orleans, for Amicus Curiae Louisiana Association of Defense Counsel.
TRAYLOR, Justice.
We granted writs in this case to readdress the question of constructive notice under La. R.S. 9:2800.6 (1991). Because the statute is clear and unambiguous and contains no provision for shifting the burden to the defendant to prove his lack of culpability, we find that it is the plaintiff's burden to prove each element of her cause of action under La. R.S. 9:2800.6(B) (1991). Furthermore, because constructive notice is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 9:2800.6(B)(2) (1991), the claimant must come forward with positive evidence showing that the damagecausing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence. Because Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95) 655 So.2d 309, is contrary to the clear meaning of La. R.S. 9:2800.6 (1991), it is overruled. Therefore, because the court of appeal and the trial court erroneously shifted the burden to the defendant to prove a lack of constructive notice, and because the plaintiff failed to otherwise prove that Wal-Mart had constructive notice of the spill, we reverse and find for defendant Wal-Mart.

Facts and Procedural History
On June 3, 1994, plaintiff White, accompanied by her two grandchildren, was shopping in a Wal-Mart store. At the children's request, plaintiff proceeded to an aisle where snacks were displayed. Plaintiff walked down the entire aisle without making any selections, then turned to shop the aisle again from the other direction. After a few steps, plaintiff slipped in a clear liquid and fell. Wal-Mart employee, Lorna Robinson, working at the service desk approximately fifteen feet away, came to plaintiff's assistance. The store manager, summoned by Robinson, provided a wheelchair to plaintiff White, who then left the store. The instant suit followed.
At a trial before the bench, plaintiff called but three witnesses: plaintiff herself, one of the grandchildren, and Lorna Robinson. Plaintiff attempted to elicit testimony from Robinson regarding defendant Wal-Mart's overall safety procedures and specific safety sweeps of the area where the accident occurred. Robinson testified that defendant had a safety manual and that all employees were responsible for safety in the store and within their zones. Robinson's zone consisted of the service desk and did not include the area where the plaintiff fell. Robinson further testified as to defendant's system for making safety sweeps and that several had occurred the day of the accident. As it was outside of her duties, Robinson could not remember when the last sweep was made of the area where the plaintiff fell. Plaintiff presented no evidence that the defendant created or had actual notice of the spill. Plaintiff also produced no evidence as to how long the spill had been on the floor. Other than Robinson's testimony, plaintiff produced no evidence regarding defendant's use of, or failure to use, reasonable care.
*1083 The trial court, without providing reasons, found for the plaintiff and awarded damages. Defendant appealed to the Fifth Circuit Court of Appeal contending that the trial court erred in finding that the plaintiff had proven the elements of her cause of action under La. R.S. 9:2800.6 (1991). Defendant argued that plaintiff failed to carry her burden of proof under La. R.S. 9:2800.6 (1991); specifically that the trial court erred in finding that defendant had actual or constructive notice of the spill.
The court of appeal affirmed, citing to La. R.S. 9:2800.6 (1991) and relying on Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95) 655 So.2d 309, "for an in-depth analysis of the burden of proof under La. R.S. 9:2800.6." White v. Wal-Mart Stores, Inc., 96-617 (La.App. 5th Cir. 1/15/97) 688 So.2d 100, 102 n. 1. The court of appeal found that the trial court could have found constructive notice and thus did not err. The appellate court based this supposition on the fact that Wal-Mart did not affirmatively prove when their employees had made their last inspection sweep prior to the accident.
The facts in this case are undisputed, except for one. The disputed fact is whether Robinson, or someone working in the service area, could or should have noticed the spill. Robinson stated that there were displays between her and plaintiff which impeded her view of the floor. She testified that when plaintiff fell, she only saw her from the waist up. However, plaintiff testified that there were no obstructions between Robinson and the area where plaintiff fell.
Robinson was familiar with the safety procedures and was a proper witness on this point. The trial judge did not provide reasons for judgment, but he could have found that Robinson's view was not obstructed and any employee working in her zone could have noticed the spill. In addition, he could have concluded that the sweep noticed by Robinson occurred right after 3:00 p.m., when she returned from lunch, since it is reasonable that she would have remembered the sweep occurring then, before her attention was distracted by customers. He chould [sic] have also concluded that the spill occurred closer in time, but that it could have been discovered had defendant exercised reasonable care. We agree with defendant that there was no testimony showing what it [sic] caused the liquid to be on the floor. However, we do not agree that the trial judge erred in finding that defendant negligently allowed the spill to remain for such a period of time that it would have been discovered if defendant had exercised reasonable care. Since defendant did not produce any witnesses at trial to show that a sweep occurred nearer in time to the accident, we must conclude that the trial judge was not clearly wrong in finding that plaintiff bore her burden of proof and in finding defendant liable. Id. at 103.
Defendant sought writs with this Court, contending, inter alia, that the court of appeal erroneously shifted the burden to the defendant by requiring the defendant to prove that the spill had not been there at an earlier time and that absent such proof the appellate court found that Wal-Mart had constructive notice of the spill. Defendant contends that this is an improper application of La. R.S. 9:2800.6 (1991). We agree.

Constructive Notice Under La. R.S. 9:2800.6
La. R.S. 9:2800.6 (1991), as revised in 1990 and in effect at the time of the instant accident,[1] provides in relevant part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in *1084 addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
Without digressing into the lengthy tugof-war surrounding the evolution of La. R.S. 9:2800.6, beginning with Kavlich v. Kramer, 315 So.2d 282 (La.1975), and continuing through this Court's opinion in Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95) 655 So.2d 309,[2] it is the Welch decision, interpreting constructive notice, upon which we now focus our attention. In Welch, this Court concluded that a claimant had carried her burden of proving constructive notice by showing the absence of "written inspection procedures," the lack of "written documentation of the performance of inspections," and the lack of "company directives on a consistent inspection policy," and because the fact-finder could have disbelieved the defendant's positive evidence of the lack of a spill some minutes before the fall. Welch, 655 So.2d 309, 318.
Where a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9. Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed. Backhus v. Transit Casualty Co., 549 So.2d 283, 291 (La.1989).
This statute is clear and unambiguous. The statute uses the mandatory "shall." Thus, in addition to all other elements of his cause of action,[3] a claimant must also prove each of the enumerated requirements of Section (B). The conjunctive "and" follows Section (B)(2). Thus, Sections (B)(1), (B)(2), and (B)(3) are all mandatory. The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time *1085 period prior to the fall. This is not an impossible burden.[4]
The fatal flaw in the Welch decision is that there was no showing of any period of time as required by the statute. As the dissent pointed out, there was not a scintilla of evidence of the pre-existence of the spill and by finding constructive notice based on a lack of uniform, mandatory clean-up procedures, the Court effectively shifted the burden to the defendant merchant to prove that it acted reasonably. Welch, 655 So.2d at 319 (Kimball, J., dissenting). As previously discussed, the statute provides for no such shift. The Court in Welch does allude to the temporal requirement of constructive notice; however, the holding implicitly deletes the requirement by finding constructive notice with no showing of time by the claimant. The Court stated, "The length of time a foreign substance is on the floor diminishes in relevance if the defendant merchant has no mechanism in place to discover such a hazard." Id. at 318. While the length of time may arguably diminish in relevance under some circumstances, it certainly does not diminish to the point of being eliminated. The Court correctly stated, "it was unnecessary to show precisely how long the foreign substance was on the floor ..." but then goes on to find constructive notice without any showing whatsoever of any period of time that the substance was on the floor prior to the fall.
The remaining basis for the Welch decision is that the fact-finder could have disbelieved the defendant's evidence of the absence of a spill some minutes prior to the fall. The disbelief of positive evidence is not evidence of the contrary. Rather, even if entirely discredited, it is merely a complete lack of any evidence. The claimant bears the burden to show that the condition existed for some period of time. Requiring the defendant to disprove its existence is again a shifting of the burden which is impermissible under the statute.
Because La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden, and because in order to prove constructive notice the statute clearly and unambiguously requires that the claimant prove that the damage causing condition existed for some period of time prior to the occurrence, we overrule Welch, 655 So.2d 309, which allowed for a finding of constructive notice absent a showing that the condition existed for some period of time prior to the occurrence and which provided for a shifting of the burden to the defendant merchant to prove it exercised reasonable care.

Constructive Notice in the Instant Case
Here, the appellate court concluded that the trial court could have found constructive notice because employee Robinson could have seen the spill prior to the accident and because Wal-Mart did not affirmatively prove when their employees had made their last inspection sweep prior to the accident.
Initially, we turn to the appellate court's speculation regarding the trial court's resolution of the "disputed fact" of whether employee Robinson could or should have noticed the spill. Notwithstanding the contradictory testimony of intervening displays which may have blocked Robinson's view, the plaintiff herself, upon making two approaches, failed to see the liquid. Also, plaintiff's grandchild testified that he likewise did not see the liquid prior to the fall. There was no evidence introduced that Robinson could see the spill or even that area of the floor from her station.[5] Without additional supporting evidence, a determination that an employee fifteen feet away "could have noticed the spill" *1086 of a clear liquid that plaintiff and those accompanying her did not notice after having traversed the area twice, is an unsupported assumption. To find constructive notice based upon such without any positive showing of how long the spill was in existence or if it could be seen from Robinson's zone is error. Even entirely discounting Robinson's testimony, we are left with no positive evidence that the spill or the floor was visible from Robinson's zone. To speculate that the trial court found constructive notice based upon such is likewise error.
The court of appeal, and apparently the trial court, also found constructive notice based on Wal-Mart's failure to positively prove the lack of the existence of the spill prior to the fall. The court of appeal wrote:
However, we do not agree that the trial judge erred in finding that defendant negligently allowed the spill to remain for such a period of time that it would have been discovered if defendant had exercised reasonable care. Since defendant did not produce any witnesses at trial to show that a sweep occurred nearer in time to the accident, we must conclude that the trial judge was not clearly wrong in finding that plaintiff bore her burden of proof and in finding defendant liable. White, 688 So.2d at 103 (emphasis added).
Again, there is no provision in La. R.S. 9:2800.6 that allows shifting the burden to the defendant to disprove his culpability as the lower court clearly did. As previously discussed, defendant need not come forward with positive evidence of the absence of the spill. Such would require the defendant to prove a negative and is not within the clear and unambiguous language of the statute. Furthermore, the lack of evidence showing the non-existence of the spill is not evidence of the existence of the spill, but merely the absence of evidence. Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence can not support the claimant's cause of action. Rather, the absence of evidence is fatal to the claimant's cause of action.
The statute is clear. To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence.
Defendant Wal-Mart also contends that the plaintiff failed in her burden of proving that defendant failed to exercise reasonable care pursuant to La. R.S. 9:2800.6, Section B(3). We need not reach the issue since we have already determined that plaintiff failed to prove actual or constructive notice as mandated by Section B(2). Because a plaintiff has the burden of proving all three of the additional requirements of La. R.S. 2800.6(B), the failure to prove any is fatal to the claimant's cause of action.

Decree
For the foregoing reasons, we reverse the judgments of the trial court and the court of appeal and find for the defendant.
REVERSED AND RENDERED.
VICTORY, J., not on panel. Rule IV, Part 2, § 3.
JOHNSON, J., dissents.
CALOGERO, C.J., dissents and assigns reasons.
LEMMON, J., dissents and will assign reasons.
CALOGERO, Chief Justice, dissenting.
I dissent for several reasons. First, I disagree with the majority's interpretation of the definition of "constructive notice." Second, I find no manifest error in the finding of the trial court that Wal-Mart had constructive notice of the spill. And finally, in my opinion the majority errs in overruling Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95), 655 So.2d 309.
Among other requirements of proof, under La. R.S. 9:2800.6, plaintiff must show that the merchant either created or had actual or constructive notice of the condition which *1087 caused the damage, prior to the occurrence. Under the statute, "constructive notice" means "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." (emphasis added).
In my view, the majority employs an overly strict interpretation of the phrase "period of time" to construe plaintiff's burden to be essentially to show exactly when the substance fell onto or was placed on the floor. This interpretation places a nearly impossible burden on plaintiff, and such a burden cannot possibly be sustained without an eye witness. Certainly the legislature did not mean to require every plaintiff to present an eye witness in order to sustain his burden of proof.
As the majority states, the statute is clear and unambiguous. The statute does not on its face require plaintiff to prove how long the substance was on the floor; rather, the statute only requires the plaintiff to show that the substance was on the floor long enough "that it would have been discovered if the merchant had exercised reasonable care." Certainly, a factfinder could reach this conclusion from facts which do not include direct evidence of when the substance was placed on the floor.
In the instant case, there was no manifest error in the trial court's conclusion that the liquid had been on the floor long enough for it to have been discovered had defendant Wal-Mart exercised reasonable care. The record supports this conclusion. Plaintiff testified that there were no obstructions between employee Robinson and the area where the fall occurred. Employee Robinson testified that all employees were responsible for safety in the store. Since there were no obstructions of the spill area and since employee Robinson was admittedly responsible for safety throughout the store, the trial court could have reasonably concluded that the spill had been on the ground "long enough" in that possibly from the moment it occurred, it should have been discovered had the merchant exercised reasonable care. Thus, while the trial court did not determine that the spill had been on the ground "x" number of minutes, it did in fact conclude that the spill had been on the floor for such period of time that it would have been discovered had the merchant exercised reasonable care.
The majority opinion disputes this conclusion by noting that plaintiff herself failed to see the liquid spill, and thus it is an unsupported assumption to conclude that employee Robinson should have noticed the spill. However, Robinson was an employee of the store who had the admitted responsibility for store safety and who, according to testimony in the record, had an unobstructed view of the area of the spill. On the other hand, plaintiff was a grandmother whose attention was obviously drawn to the shelf of merchandise as she assisted her grandchildren in selecting a snack. Her primary purpose was to examine the shelf of merchandise to make a selection, and not to inspect the floor as she walked. This duty of inspection was owed to plaintiff by the merchant who had a duty to act reasonably to provide a safe premises.
I also disagree with the majority's overruling of this Court's decision in Welch v. Winn-Dixie Louisiana, Inc., supra. The majority describes Welch's "fatal flaw" as "no showing of any period of time as required by the statute." Slip Op. at 1085. However, just as in the instant case, there were sufficient facts in the Welch record from which the jury could conclude that the cooking oil was on the floor for a long enough period of time that it would have been discovered had the merchant exercised reasonable care. The jury might not have concluded that the oil was on the floor for a specific number of minutes prior to the fall, but the jury did evidently conclude that the cooking oil was on the floor long enough to sustain plaintiff's burden of proof. The facts supporting this conclusion included that there was no dispute that there was oil on the floor; that by its nature cooking oil was difficult to see on the grocery store floor, thus requiring special care; and testimony that oil occasionally leaked out of the bottles. The jury could have concluded that because of the hazardous nature of cooking oil, its difficulty to see on the floor, and the merchant's prior notice that oil occasionally leaked, that any period of time was sufficient because had the merchant exercised the care *1088 that was reasonable considering these facts, the spill would have been discovered.
In discussing the definition of "constructive notice", the majority states "[t]hough the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden." The majority then cites four cases in support: Treadaway v. Shoney's, Inc., 93-1688 (La.App. 4 Cir. 2/25/94), 633 So.2d 841; Oalmann v. K-Mart Corp., 630 So.2d 911, 913 (La.App. 4th Cir. 1993), writ denied, 94-C-244 (La.3/18/94), 634 So.2d 859; Saucier v. Kugler, 628 So.2d 1309 (La.App. 3rd Cir.1993); and Cobb v. Wal-Mart Stores, Inc., 624 So.2d 5 (La.App. 5th Cir.1993). However, as shown below, in not one of these cases was there an eye witness or any other testimony as to when the substance was spilled on the floor. And further, in none of these cases did the claimant prove the condition existed for a certain time period prior to the fall. Rather, the jury or trial court was allowed to infer from a set of facts, similar to the facts in this case and in Welch, that the substance was on the floor for a long enough period of time that it would have been discovered had the merchant exercised reasonable care.
In Treadaway v. Shoney's, Inc., supra, the issue of constructive notice was not even raised. Instead, plaintiff testified that she fell on a wet floor. Her testimony was corroborated by a witness who entered the restaurant after plaintiff fell. There was testimony that a store employee had just finished wet-mopping the area and removed the "wet floor" signs, thus leading to the conclusion that the defendant created the hazard. There was no discussion about proof of constructive notice because in this case, plaintiff bore her burden of proof by showing that the merchant had created the hazard.
In Oalmann v. K-Mart Corp., supra, the court found constructive notice based on a "totality of the circumstances" which did not include evidence establishing precisely how long the floor was wet prior to plaintiff's fall. These circumstances included the defendant's admission on the accident report that it was raining (although this admission cannot support notice of the spill prior to the fall since the accident report was presumably not completed until after the fall), and the foreseeability that the entrance floor would become wet on a rainy day because of the constant influx of customers.[1] As in Welch and in the case at bar, there was no direct evidence in this case that the substance was on the floor for any length of time prior to the fall.
In Saucier v. Kugler, supra, the only evidence of defendant's constructive notice was its knowledge that lemons would occasionally roll off the shelf and onto the floor.[2] There was absolutely no evidence of when the lemon on which plaintiff slipped fell onto the floor. And in Cobb v. Wal-Mart Stores, Inc., supra, the finding of constructive notice was not based on how long the substance had been on the floor, but rather the fact that the popcorn on which plaintiff slipped was four to five feet from the pharmacy counter where at least two employees had a clear view of the aisle. So, too, in this instant case, the finding of constructive notice is reasonable where the record provides support that store employee Robinson had an unobstructed view of the spill area, plus admitted that store safety was part of her responsibility.
As these cases illustrate, it is simply impractical and unnecessary for plaintiff to make a positive showing of the existence of the condition for some particular time period prior to the fall. Rather, it is sufficient that the record contain enough facts from which a factfinder can reasonably conclude that the substance was on the floor long enough for it to have been discovered by the merchant if the merchant had exercised reasonable care.
Accordingly, I dissent.
NOTES
[1] We note that the legislature has since amended 9:2800.6, effective May 1, 1996 to clarify that the presence of an employee in the vicinity does not, alone, constitute constructive notice. The amendment also provides that the absence of written or verbal uniform cleanup or safety procedures is insufficient, alone, to show a lack of reasonable care. La. R.S. 9:2800.6 (Supp.1997). The amended statute expressly applies only to causes of action arising on or after the effective date. 1996 La. Acts No. 8, § 2. Hereinafter all references to La. R.S. 9:2800.6 refer to the 1991 version in effect until May 1, 1996.
[2] See Welch v. Winn-Dixie Louisiana, Inc., 922372 (La.App. 1st Cir. 8/22/94), 645 So.2d 647-48, reversed, 94-2331 (La.5/22/95) 655 So.2d 309 (accurately tracing the judicial and legislative history of La. R.S. 9:2800.6).
[3] Though there is some overlapping, these remaining elements are duty, breach, cause in fact, risk and harm within the scope of duty, and actual damages. Mathieu v. Imperial Toy, Corp., 94-0952 (La.11/30/94), 646 So.2d 318, 321-22.
[4] See Welch, 655 So.2d at 320 (Kimball, J., dissenting) (citing to Treadway v. Shoney's, Inc., 93-1688 (La.App. 4th Cir. 2/25/94) 633 So.2d 841; Oalmann v. K-Mart Corp., 630 So.2d 911 (La. App. 4th Cir.1993); Saucier v. Kugler, 628 So.2d 1309 (La.App. 3rd Cir.1993); and Cobb v. Wal-Mart Stores, Inc., 624 So.2d 5 (La.App. 5th Cir. 1993) for examples where the claimant did carry the burden of showing actual or constructive notice).
[5] We note that plaintiff did not even testify that Robinson or an employee at the service desk could have seen the spill or the floor. Plaintiff testified only that Robinson was in a position to have seen her fall and this testimony was successfully impeached as inconsistent with her deposition.
[1] The factor of foreseeability was also present in Welch where the record contained evidence of knowledge of prior cooking oil leakage
[2] Likewise, in Welch, the record contained testimony and photographs showing that bottles of cooking oil occasionally leaked onto the floor.