**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-30095
Summary Calendar

WANDA LEGER,

Plaintiff - Appellant,

v.

WAL-MART LOUISIANA LLC; AMERICAN HOME ASSURANCE CO.,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CV-120

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Wanda Leger appeals the district court's grant of summary judgment in favor of Defendants-Appellees Wal-Mart Louisiana LLC and American Home Assurance Co. (collectively "Wal-Mart"). Reviewing the grant of summary judgment *de novo* and applying the same standard as the district court under Fed. R. Civ. P. 56, *Klamath Strategic Investment Fund ex rel. St. Croix Ventures v. United States*, 568 F.3d 537, 543 (5th Cir. 2009), we affirm.

At approximately 12:45 p.m. on February 19, 2007, Leger slipped and fell

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the handicap stall of a restroom in a Wal-Mart store in Opelousas, Louisiana. She passed out in the fall and received assistance from Tina Dunbar, who was in the restroom at the time of the accident. Leger's sister, Joy Duhon, also entered the stall after the accident. Leger brought this suit for the injuries she allegedly sustained in the accident, claiming she slipped and fell on liquid leaking from the toilet. She presented testimony from herself, Dunbar, and Duhon that after the fall water and tissue were on the floor around the toilet. Leger also presented evidence that the restroom had last been inspected by a Wal-Mart employee at 11:05 a.m., approximately one hour and 40 minutes prior to the accident. She did not present evidence of any kind as to how long the water existed prior to her fall. Wal-Mart moved for summary judgment on the basis that it lacked actual or constructive notice of the alleged hazard, and the district court granted the motion.

As the district court noted, the controlling law is La. R.S. § 9:2800.6, which requires a plaintiff asserting a slip-and-fall claim against a merchant to prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." § 2800.6(B)(2). "Constructive notice," as defined by the statute, "means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. . . ." § 2800.6(C)(1).

> The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. . . .
>
> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time . . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question;

2

however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

*White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084–85 (La. 1997) (footnote omitted).

In *White*, as in this case, the plaintiff presented evidence that a puddle existed at the time of the fall but presented no evidence as to how long the puddle had been on the floor. *Id.* at 1086. The Louisiana Supreme Court found the evidence insufficient as a matter of law under § 2800.6 and entered judgment for the defendant. *Id.* It was not enough to speculate that a Wal-Mart employee could have noticed the dangerous condition in a safety sweep: "To find constructive notice based upon such without any positive showing of how long the spill was in existence . . . was error." *Id.*

Likewise, Leger has presented ample evidence that water was on the floor of the handicap stall at the time of her slip-and-fall (or at least immediately afterward), but she has presented no evidence as to how long the water had been there. A Wal-Mart employee inspected the stall less than two hours before the accident and did not note any problem with the stall, nor was there any evidence of the stall's condition immediately before the accident. Leger's conjecture about past leaks and the source of the water on the floor cannot substitute for the complete lack of evidence concerning how long the water had been on the floor prior to the accident in question. Under *White*, Leger's claim must fail.

Accordingly, for these reasons and those set forth in the district court's January 22, 2009 order, the judgment is affirmed.

AFFIRMED.