NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**18-354**

**ALYSSA BENNETT**

**VERSUS**

**WAL-MART STORES, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 256,163
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**Renee Y. Roy**
**Roy Scott & James**
**Post Office Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
　　**Alyssa Bennett**

**R. O'Neal Chadwick, Jr.**
**Gregory B. Odom, II**
**Sara B. Dantzler**
**Chadwick & Odom, LLC**
**Post Office Box 12114**
**Alexandria, LA 71315**
**(318) 445-9899**
**COUNSEL FOR DEFENDANT/APPELLEE:**
　　**Wal-Mart Stores, Inc.**

**PERRET, Judge.**

In this slip and fall case, Plaintiff, Alyssa Bennett, appeals the judgment of the district court granting Wal-Mart Louisiana, L.L.C.'s ("Wal-Mart") Motion for Summary Judgment and dismissing her claims against it with prejudice. For the following reasons, we affirm.

**FACTS:**

On June 26, 2015, Ms. Bennett was shopping with her daughter, her boyfriend's mom and dad, and their granddaughter, in a Wal-Mart store located on Monroe Highway in Pineville, Louisiana. Ms. Bennett testified that she left the group to pick up a gallon of milk and that on her way back, she slipped on a grape and fell to the ground. Ms. Bennett testified that she noticed the "green smushed grape" as she was getting up and that she did not know how long the grape had been on the floor prior to her fall or where the grape came from. When asked how close her fall was to the grape section in the store, Ms. Bennett testified that the grape section was "in the front" but that she slipped on the grape "in the back."

On June 24, 2016, Ms. Bennett sued Wal-Mart for damages and medical expenses alleging that Wal-Mart, "despite actual and/or constructive knowledge thereof, made no attempt to eliminate the danger by removing the object." Wal-Mart answered, denying liability and alleging Ms. Bennett's negligence and/or comparative negligence as a defense.

On February 9, 2017, Wal-Mart filed a Motion for Summary Judgment alleging that Ms. Bennett could not meet her burden of proof in establishing that it "either created or had actual or constructive notice of the condition[,] which caused the damage prior to the occurrence." In support of its motion, Wal-Mart submitted Ms. Bennett's deposition.

On July 11, 2017, Ms. Bennett filed a Memorandum in Opposition to the Motion for Summary Judgment arguing that there is a genuine issue of fact as to "whether circumstantial evidence exists that the grape on which Ms. Bennett slipped was present on the floor for 'some period of time' prior to her slipping on the same grape." In support of her opposition, Ms. Bennett attached her deposition, a drawing of the path she took in the store, the incident report, and the deposition of Joshua Ikerd, the assistant store manager of Wal-Mart on the night of the fall.

After a hearing, the district court granted Wal-Mart's Motion for Summary Judgment and dismissed Ms. Bennett's claims against it with prejudice. Ms. Bennett now appeals this judgment alleging in her sole assignment of error that the district court erred in granting the Motion for Summary Judgment.

**STANDARD OF REVIEW:**

The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). Appellate courts review the disposition of a motion for summary judgment de novo using "the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to a judgment as a matter of law." *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839 at 844 (quoting *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Louisiana

Code of Civil Procedure Article 966(D)(1) provides the parties burden of proof as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

**DISCUSSION:**

Louisiana Revised Statutes 9:2800.6 governs merchant liability and provides as follows:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.

3

The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

Ms. Bennett's failure to prove any of these factors is fatal to her claim. *See White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081. Additionally, courts will not infer constructive notice; Ms. Bennett must "make a positive showing of the existence of the condition prior to the fall" and that "the condition existed for some time before the fall." *White,* 699 So.2d at 1084. "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *Id.*

Ms. Bennett maintains that the circumstantial evidence in the record was sufficient to create a genuine issue of material fact as to whether Wal-Mart had constructive notice of the hazard. Specifically, Ms. Bennett argues in her appellate brief as follows (record citations omitted, emphasis in original):

In the case at bar, the following evidence was placed in the record during the summary judgment hearing. Ms. Bennett testified that the grape remained on the floor for approximately ten (10) minutes subsequent to the fall, and Mr. Ikerd acknowledges that it would take the *sole* strategic maintenance person roughly twenty (20) minutes to perform a visual sweep of the entire store. As such, circumstantial evidence exists that the grape was on the floor approximately ten (10) minutes prior to Ms. Bennett slipping on the grape.

Additionally, Ms. Bennett testified that the manager was placed on notice of the fall approximately ten (10) minutes prior to arriving at the scene, which creates an inference . . . that proper inspection and/or maintenance was not occurring by Wal-Mart employees *prior to* the fall.

4

. . . .

Further, the physical evidence supports that the grape was smashed prior to the incident as no streak was seen behind the smashed grape, which tends to indicate that the grape was smashed prior to Ms. Bennet's accident.

Wal-Mart argues that the district court properly granted summary judgment because Ms. Bennett has not provided, and cannot provide, factual support for the proposition that Wal-Mart created or had actual or constructive notice of the presence of the grape on the floor prior to her fall. Wal-Mart alleges that Ms. Bennett's arguments are speculative and that there is simply no evidence that the grape was on the ground for any period of time prior to her fall. We agree.

Upon our review of the documentation in support of and in opposition to the motion for summary judgment, we find Ms. Bennett failed to provide evidence that Wal-Mart either created or had actual or constructive notice of the grape on the floor prior to the fall. "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *White*, 699 So.2d at 1084-85. Thus, "the claimant [Ms. Bennett] must show that the substance [grape] remained on the floor for such a period of time that the defendant merchant [Wal-Mart] would have discovered its existence through the exercise of ordinary care." *Id*. at 1086. Although Ms. Bennett speculates that the grape remained on the floor for approximately ten minutes *subsequent* to her fall and that it took the store manager approximately ten minutes to arrive at the scene upon receiving notice of her fall, we find this circumstantial evidence fails to create a genuine issue of material fact as to the period of time that the grape was actually on the floor prior to her fall and whether such period was sufficient to constitute constructive notice to Wal-Mart of the hazardous condition. "This complete lack of evidence falls far short of carrying the burden of proving that

5

the [grape] had been on the floor for such a period of time that the defendant should have discovered its existence." *Id.* Accordingly, because we find that Ms. Bennett failed to satisfy her burden of proving the required elements in La.R.S. 9:2800.6, we agree with the district court's decision to grant Wal-Mart's Motion for Summary Judgment and to dismiss Ms. Bennett's action against it.

For these reasons, we affirm the judgment of the district court. All costs of this appeal are assessed against Ms. Bennett.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.