NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-234

CHARLES HAMNER

VERSUS

RAY CHEVROLET-OLDS, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 99791
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**********

**D. KENT SAVOIE**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.

**AFFIRMED.**

**Adele Margaret Hebert**
**Chet Girard Boudreaux**
**Shannon Eastman-Stuart**
**Gordon McKernan**
**5656 Hilton Avenue**
**Baton Rouge, Louisiana 70808**
**(225) 888-8888**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Charles Hamner**

**Timothy Taney Roniger**
**Brown Sims, P.C.**
**600 Jefferson St., Suite 800**
**Lafayette, Louisiana 70501**
**(337) 484-1240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Ray Chevrolet-Olds, Inc.**
    **Tower National Insurance Company**

**James Ryan, III**
**Craig R. Webb**
**James Ryan III & Associates, LLC**
**201 St. Charles Ave., #2420**
**New Orleans, Louisiana 70170**
**(504) 599-5990**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Ray Chevrolet-Olds, Inc.**
    **Tower National Insurance Company**

**SAVOIE, Judge.**

The trial court granted the Motion for Summary Judgment filed by Defendants Ray Chevrolet-Olds, Inc. and Tower National Insurance Company, dismissing Plaintiff Charles Hamner's claims. Plaintiff now appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a slip and fall that occurred at the Ray Chevrolet-Olds, Inc. dealership in Abbeville, Louisiana. On February 14, 2014, Charles Hamner brought in his Chevrolet Tahoe to be serviced. When he drove into the service department, Mr. Hamner was directed to pull under the breezeway. When he exited his vehicle, he slipped and fell backward, hitting his head on the running board of his vehicle and lost consciousness. Mr. Hamner alleges that he slipped on a slippery surface.

Mr. Hamner filed a Petition for Damages against Ray Chevrolet-Olds, Inc. and its' insurer Tower National Insurance Company on January 28, 2015, seeking to recover damages for the injuries he sustained as a result of the accident. Defendants filed a Motion for Summary Judgment on March 20, 2017, alleging that Ray Chevrolet-Olds, Inc. did not create an unreasonable risk of harm to Mr. Hamner, that Ray Chevrolet-Olds, Inc. did not have sufficient notice of the allegedly hazardous condition, that Ray Chevrolet-Olds, Inc. took reasonable measures to protect its customers against a slip and fall injury, and that no genuine issues of material fact exists as to these issues.

A hearing on the matter was held on October 16, 2017. The trial court found in favor of Defendants, granting the motion for summary judgment and dismissing Mr. Hamner's claims. Mr. Hamner appeals.

## ASSIGNMENTS OF ERROR

I.    The [trial] court erred in giving any weight to the evidence presented by Ray Chevrolet[-Olds, Inc.] in support of its motion for summary judgment when that evidence was internally inconsistent and insufficient to meet Ray Chevrolet's initial burden of proof pursuant to *La.[Civ.Code] art. 966*.

II.   The [trial] court erred in granting summary judgment when, assuming for the sake of argument that the burden did shift to Hamner, the evidence presented by Hamner opposing summary judgment revealed numerus genuine issues of material fact regarding essential elements of the plaintiff's cause of action, rendering summary judgment improper as a matter of law.

## LAW AND DISCUSSION

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3) .

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

{ "pageset": "S58 La.Code Civ.P. art. 966(D)(1).

"Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate." *Larson v. XYZ Ins. Co.*, 16-745, p. 6 (La. 5/3/17), 226 So.3d 412, 416.

2

The law applicable to Mr. Hamner's claim is found in La.R.S. 9:2800.6, which provides, in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

The failure to prove any of the requirements of La.R.S. 9:2800.6(B) is fatal to the claimant's cause of action. *White v. Wal-Mart Stores, Inc.*, 97-393 (La. 9/9/97), 699 So.2d 1081.

Mr. Hamner complains that he was incorrectly tasked with the burden of proving his claim on Defendants' motion for summary judgment. As stated above,

3

the burden of proof on a motion for summary judgment rests with the mover. La.Code Civ.P. art. 966(D)(1). The mover need not negate all essential elements of the adverse party's claim, instead the mover must show the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. *Id.* The adverse party, in this case Mr. Hamner, must then "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

It is important to note that the trial court did not mention burden of proof anywhere in the transcript of the hearing or in the judgment. When ruling on the summary judgment, the trial court stated: "I agree. I believe Ray's did have the procedures in place. I'm just not seeing any issues there, so at this point I grant it." In other words, the trial court found that Ray Chevrolet-Olds, Inc. exercised reasonable care.

As stated above, Ray Chevrolet-Olds, Inc. needed only negate one of the essential elements of the La.R.S. 9:2800.6(B), which the trial court found that it did. The burden then shifted to the adverse party, Mr. Hamner, to establish a genuine issue of material fact or that Ray Chevrolet-Olds, Inc. is not entitled to summary judgment. Therefore, Mr. Hamner's assertion that he was incorrectly tasked with the burden of proof is without merit.

Mr. Hamner argues that Defendants' evidence falls short of establishing a lack of genuine issue of material fact, citing inconsistencies. Ray Chevrolet-Olds, Inc. attached to its' Motion for Summary Judgment the deposition of Charles Hamner. The following exchange occurred:

Q.    Okay. Do you know what caused you to fall?

A.    The floor was wet.

4

Q. And when you say the floor was wet, do you - - do you know if it's water, do you know if it was oil, do you know what?

A. It was raining that day.

Q. Okay.

A. And, basically, the car - - water was running off it[.]

He further testified that it had misted rain during the drive from Baton Rouge, Louisiana to Lafayette, Louisiana. Ray Chevrolet-Olds, Inc. also attached the affidavits of Tim Green and Hattie LeBouef, both service managers of the Abbeville location. They recalled Mr. Hamner's visit that day, but could not recall if it was raining. They also stated that there were 24-inch high, standard yellow wet floor easels in place in the service area. Mr. Green further stated that the floor of the service area has a non-slip surface which was re-conditioned with a non-slip epoxy coating two months prior to this incident. The invoice for this re-surfacing was also attached to the motion.

Mr. Hamner contends that a genuine issue of material fact exists as to whether it was raining the day of the incident because the two Ray Chevrolet-Olds, Inc. employees do not recall whether it was raining. The Petition alleges that Mr. Hamner "slipped on a slippery surface," however, it does not mention rainwater. His deposition provides the first mention of rainwater wherein he states that he fell because it was raining that day. In its' memorandum in support of the motion for summary judgment, Ray Chevrolet-Olds, Inc. specifically states, "These allegations are accepted as true for the purposes of this motion." Therefore, the fact that its' employees cannot recall that it was raining on a specific day three years prior is

5

immaterial. It does not create a genuine issue of material fact because Defendant accepted the fact as true.

Mr. Hamner must first prove that a condition existed that presented an unreasonable risk of harm. Mr. Hamner alleges that the service area floor was slippery due to rainwater. The only evidence presented to prove this fact is Mr. Hamner's deposition testimony in which he stated that the floor was wet from rainwater because water was running off of his car. Therefore, according to his own testimony, Mr. Hamner was the cause of the hazardous condition.

In addition, La.R.S. 9:2800.6 encompasses a temporal element. The supreme court in *White v. Wal-Mart Stores, Inc.*, 97-393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084-85, stated:

> "[A] claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

Based on the evidence provided, if the rainwater was brought into the service area with Mr. Hamner's vehicle, Ray Chevrolet-Olds, Inc. could not have had constructive notice of the hazardous condition because the hazardous condition did not exist for a period of time to have been discovered. Mr. Hamner has not provided any evidence to prove the condition existed for some period of time prior to the fall.

Mr. Hamner complains that the employees' assertions that they did not recall if it was raining and, yet, standard yellow wet floor signs were in place in the service area are incongruous. Mr. Hamner also argues that the trial court did not take into

6

account the affidavit of Gainer Barfield, Mr. Hamner's expert witness, who inspected the floor of the service area three years after the incident and filed a report on his findings. We find these arguments moot based on our finding that Ray Chevrolet-Olds, Inc. did not have constructive notice of the hazardous condition created by Mr. Hamner.

## DECREE

For the foregoing reasons, the judgment of the trial court, granting the motion for summary judgment filed by Defendants Ray Chevrolet-Olds, Inc. and Tower National Insurance Company and dismissing Plaintiff Charles Hamner's claims is affirmed. Costs of this appeal are assessed to Charles Hamner.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.