# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-30443
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2025

Lyle W. Cayce
Clerk

Mylenia Richard,

*Plaintiff—Appellant*,

*versus*

Dollar Tree Stores, Incorporated,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CV-913

———————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

In this slip-and-fall case arising under Louisiana's Merchant Liability Act, Plaintiff-Appellant Mylenia Richard appeals summary judgment in favor of Defendant-Appellee Dollar Tree Stores, Inc. (Dollar Tree) where video evidence establishes Richard fell over her own feet while shopping. Because

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30443

the video evidence fully discredits Richard's version of events, we AFFIRM.

Richard sued in the Fifteenth Judicial District Court for the Parish of Vermillion, alleging she slipped on liquid while shopping at an Abbeville Dollar Tree store. Noting complete diversity between the parties, Dollar Tree removed the suit to the federal district court for the Western District of Louisiana and moved for summary judgment under Louisiana's Merchant Liability Act.[1]

Under the Act, patrons injured by unsafe merchant conditions must prove negligence under Louisiana's traditional duty-risk analysis, in addition to three statutory elements:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[2]

Failure to prove any of these three elements is fatal to a plaintiff's case.[3]

---

[1] 28 U.S.C. §§ 1332, 1441(b).

[2] La. Stat. Ann. § 9:2800.6B(1)–B(3); La. Civ. Code art. 2315; *Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318, 321–22 (La. 1994) (setting forth duty-risk analysis under general negligence law).

[3] *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1085 (La. 1997) ("La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden[.]").

No. 24-30443

In support of its motion, Dollar Tree offered Richard's deposition testimony disclaiming knowledge of what caused her fall, as well as surveillance video showing Richard tripped over her feet while approaching a check-out counter. Richard opposed the motion with an affidavit averring she fell because the concrete floor was cracked and wet. The district court found the surveillance video dispositive, concluded Richard tripped over her own feet, and granted Dollar Tree's motion. Richard timely appealed, arguing the district court erred by weighing summary-judgment evidence and by regarding as reliable Dollar Tree's video.

We review an order on summary judgment de novo, applying the same standard as applicable to the district court.[4] Summary judgment is appropriate where the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene."[6] We need not rely on a plaintiff's description of the facts where the record discredits that description and instead should consider "the facts in the light depicted by the videotape."[7]

Richard's argument about the reliability of Dollar Tree's surveillance video is unsupported and unavailing. The video itself discredits Richard's affidavit and conclusively proves Richard tripped over her own feet rather

---

[4] *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 397 (5th Cir. 2010).

[5] Fed. R. Civ. P. 56(a).

[6] *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

[7] *Scott v. Harris*, 550 U.S. 372, 381 (2007).

No. 24-30443

than any unsafe condition actionable under the Merchant Liability Act. No reasonable juror could find otherwise. AFFIRMED.