# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BEVERLY HILL

VERSUS

KMART CORPORATION AND
KELLERMEYER BERGENSONS
SERVICES, LLC

NO. 2025 CW 0885

PAGE 1 OF 2

**FEBRUARY 11, 2026**

In Re: Kellermeyer Bergenson Services, LLC and Zurich American Insurance Company, applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 118619.

---

BEFORE: **McCLENDON, C.J., THERIOT, PENZATO, EDWARDS and BALFOUR, JJ.**

**WRIT GRANTED.** The trial court's July 21, 2025 judgment, which denied the motion for summary judgment filed by defendants, Kellermeyer Bergensons Services, LLC ("KBS") and its insurer, Zurich American Insurance Company, is reversed. Regardless of whether La. R.S. 9:2800.6 or La. Civ. Code art. 2317.1 applies, a plaintiff must prove the condition presented an unreasonable risk of harm, the defendant had actual or constructive knowledge of the risk, and it failed to exercise reasonable care. See **Woods v. Winn-Dixie Stores, Inc.**, 2022-0191 (La. App. 1st Cir. 9/16/22), 353 So.3d 182. A plaintiff must make a positive showing of the existence of the condition prior to the fall. See **Cyprian v. State Farm Fire & Cas. Co.**, 2016-0717 (La. App. 1st Cir. 2/17/17) 2017 WL 658246, *3 (citing **White v. Wal-Mart Stores, Inc.**, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084). A defendant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. See **White**, 699 So.2d at 1084. "Notwithstanding that such would require proving a negative, the [law] simply does not provide for a shifting of the burden." **Id.** During her deposition, plaintiff, Beverly Hill, testified that she knew she slipped on a wet floor, but she also testified that she "did not see water on the floor or any [person] mopping or providing any type of… janitorial services to the floor." According to the deposition excerpts filed into the record, the assistant store manager testified she did not see any liquid or water on the floor when she arrived to take the incident report. Moreover, neither the assistant store manager nor plaintiff could testify as to specific knowledge of a KBS employee mopping the floor.

Additionally, constructive notice exists when the defect or condition has existed for such a period of time that it would have been discovered and remedied had the custodian exercised reasonable care. See **Racca v. St. Mary Sugar Cooperative, Inc.**, 2002-1766 (La. App. 1st Cir. 2/23/04), 872 So.2d 1117, 1126, writ denied, 2004-0698 (La. 5/7/04), 872 So.2d 1083. The claimant who simply shows the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice. See **White**, 699 So.2d at 1084. Plaintiff stated that she was uncertain about the length of time the purported liquid was on the floor. Moreover, the assistant store manager testified that it was customary for KBS to mop the floor at 6:00 a.m. but also testified that the floor

would not still be wet nearly two hours and forty minutes later – at 8:40 a.m. when this incident allegedly occurred.

We find plaintiff, Beverly Hill, failed to meet her burden to produce factual support to raise a genuine issue of material fact as to either of these elements. Accordingly, the motion for summary judgment is granted, and the claims of plaintiff, Beverly Hill, against defendants, Kellermeyer Bergensons Services, LLC, and Zurich American Insurance Company, are dismissed with prejudice.

PMc
MRT
AHP
BDE

Balfour, J., dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT