STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-181

KIMBERLY ROGERS

VERSUS

WALK-ON'S BISTREAUX & BAR, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 263,573
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

REVERSED.

Brian Caubarreaux & Associates
Brian M. Caubarreaux
Eugene A. Ledet Jr.
Ethan E. Caubarreaux
Patrick B. Sadler
David A. Johnson
2204 MacArthur Drive
Alexandria, LA 71303
(318) 442-0900
COUNSEL FOR PLAINTIFFF/APPELLANT:
    Kimberly Rogers

**Keiser Law Firm, P.L.C.**
**Randall B. Keiser**
**Matthew L. Nowlin**
**Post Office Box 12358**
**Alexandria, LA 71315-2358**
**(318) 443-6168**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **All-In Restaurant Group, LLC**
    **State Farm Fire and Casualty Company**

**Pickett, J.**

The plaintiff appeals the trial court's grant of the defendants' motion for summary judgment and dismissal of her claims for injuries she allegedly suffered when she slipped and fell at a restaurant owned and operated by one of the defendants. We reverse the trial court's judgment.

## FACTS

On January 28, 2018, Kimberly Rogers and her family went to Walk-On's restaurant in Alexandria for lunch. After being seated, Ms. Rogers stepped from their table with her grandson to bring him to the restroom. She had never been to the restaurant before. Initially, she looked in one direction to find the restroom but was redirected to another area of the restaurant by an employee who was placing a mat on a ramp. As instructed, Ms. Rogers turned and walked in the direction instructed by the employee. When approaching stairs leading to the restroom, Ms. Rogers slipped and fell injuring her back and neck.

Ms. Rogers filed suit against Walk-On's owner All-In Restaurant Group, LLC and its insurer, State Farm Fire and Casualty Company, seeking damages for her injuries. In her petition, Ms. Rogers alleged that she slipped and fell due to a "foreign substance located on the floor." After filing an answer, the defendants initiated discovery and deposed Ms. Rogers on August 6, 2019. Thereafter, they filed a motion for summary judgment seeking dismissal of Ms. Rogers' claims, asserting that she cannot satisfy her burden of proving that they are liable to her under La.R.S. 9:2800.6, commonly referred to as the merchant liability statute.

The defendants' motion for summary judgment was set for hearing on February 10, 2020. Ms. Rogers did not file an opposition and did not attend the hearing on the motion. After considering the motion and the defendants'

arguments, the trial court granted the motion and issued a judgment dismissing Ms. Rogers' claims. After receiving a copy of the judgment, Ms. Rogers filed a motion to have the judgment set aside because she did not receive notice of the hearing thirty days before it was conducted as required by La.Code Civ.P. art. 966(C)(1)(b). The trial court granted the motion, and the hearing on the motion for summary judgment was re-set.

Ms. Rogers then filed an opposition to the motion for summary judgment to which she attached a complete copy of her deposition and two affidavits. The defendants responded with a motion to strike the two affidavits, urging they do not satisfy the requirements of La.Code Civ.P. art. 967. At the conclusion of the second hearing, the trial court denied the motion to strike Ms. Rogers' two affidavits. After considering counsels' final arguments, the trial court granted summary judgment in favor of the defendants. Ms. Rogers appealed.

## ASSIGNMENTS OF ERROR

Ms. Rogers assigns error with the trial court's judgment granting the defendants' motion for summary judgment. The defendants answered the appeal, urging that the trial court erred in admitting Ms. Rogers' affidavits into evidence.

## SUMMARY JUDGMENT

Appellate courts review summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. To succeed on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that he "is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action[.]" *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.

7/5/94), 639 So.2d 730, 751 (citation omitted). For summary judgment purposes, a genuine issue of material fact is "one as to which reasonable persons could disagree." *Estate of Belaire v. Crawfish Town USA*, 15-180, p. 12 (La.App. 3 Cir. 12/9/15), 182 So.3d 1093, 1100 (citation omitted).

"The burden of proof rests with the mover." La.Code Civ.P. art. 966(D)(1). If, however, "the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment," the mover is not required "to negate all essential elements of the adverse party's claim, action, or defense[.]" *Id.* Instead, the mover need only show "the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* The adverse party must then "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

When considering a motion for summary judgment, courts are not to evaluate the weight of the evidence but to determine whether there is a genuine issue of triable fact. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So.3d 874. Summary judgments are favored; however, "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

## DISCUSSION

Ms. Roger's burden of proving her claims is set forth in La.R.S. 9:2800.6, which provides, in pertinent part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition

3

existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Merchants have an affirmative duty to keep their premises in a safe condition. La.R.S. 9:2800.6(A). Nonetheless, "merchants are not insurers of their patrons' safety," and customers have a concurrent "duty to use ordinary care to avoid injury." *Marks v. Schultz*, 20-197, p. 7 (La.App. 1 Cir. 12/10/20), 316 So.3d 534, 539.

As outlined in La.R.S. 9:2800.6(B), the plaintiff in a slip-and-fall case bears a heavy burden. *Thibodeaux v. Circle K Stores, Inc.*, 20-540 (La.App. 3 Cir. 5/5/21), 318 So.3d 465. First, the plaintiff must establish that a condition of the merchant's premises presented an unreasonable risk of harm, which can be done by showing she slipped and fell due to "a foreign substance on a floor or an unreasonably slippery condition." *Burnett v. M & E Food Mart, Inc. No. 2*, 00-350, p. 3 (La.App. 3 Cir. 11/15/00), 772 So.2d 393, 396, (footnote omitted) *writ denied*, 00-3425 (La. 2/16/01), 786 So.2d 101. This requires the plaintiff to make "a positive showing of the existence of the condition prior to the fall" and that the condition "existed for some time before the fall" in order to prove the owner had constructive notice of the condition as required by La.R.S. 9:2800.6(B)(2). *White v. Wal-Mart Stores, Inc.*, 97-393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084. The

4

plaintiff need not make a specific showing in minutes or hours as to how long the condition existed prior to the fall to satisfy this time requirement. *Id.*

In their motion for summary judgment, the defendants urge that Ms. Rogers failed to show she can satisfy her burden of proof under La.R.S. 9:2800.6 because she cannot show that there was a foreign substance on the floor which caused her to slip and fall and Walk-On's caused a foreign substance to be on the floor or had actual or constructive notice of any foreign substance being on the floor before she fell as required by La.R.S. 9:2800.6.

The defendants supported their motion with excerpts of Ms. Rogers' deposition and the affidavit of Ricky Tompkins, All-In's manager for the Alexandria Walk-On's. In his affidavit, Mr. Tomkins averred, in part:

(1) The interior premises of the restaurant were inspected prior to opening;

(2) At no point prior to opening did any person report any issue or problems with the area where Kimberly Rogers fell; and

(3) No manager has any recollection of any foreign substance report prior to the incident involving Kimberly Rogers.

The defendants urge that the trial court erred in denying their motion to strike the affidavits supporting Ms. Rogers' opposition to their motion because her affidavit is inconsistent with her deposition testimony[1] and Ms. Hart's affidavit is not based on personal knowledge.

---

[1] An affidavit that is inconsistent with the affiant's deposition testimony and offered only after a motion for summary judgment has been filed is insufficient to create a genuine issue of material fact if no justification for the inconsistency is offered. *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04), 866 So.2d 228.

5

*Personal Knowledge*

During the hearing on the motion for summary judgment, counsel for Ms. Rogers urged that her affidavit need not be addressed because Casi Hart's affidavit contradicts Mr. Tompkins' affidavit; therefore, a genuine issue of material fact exists which defeats the defendants' motion for summary judgment. Accordingly, we begin with the defendants' complaint that the trial court erred in allowing Casi Hart's affidavit to be introduced into evidence.

Louisiana Code of Civil Procedure 967(A) requires that affidavits submitted in support or opposition to a motion for summary judgment be made on personal knowledge, set forth facts that are admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters addressed in the affidavit.

Recently, in *Gypsum Subfloors, Inc. v. DDG Construction, Inc.*, 19-877, pp. 6-7 (La.App. 3 Cir. 7/8/20), 304 So.3d 573, 577 (internal case citations omitted), this court addressed the concept of personal knowledge required for affidavits, explaining:

> In the context of summary judgment procedure, an affidavit must be based on personal knowledge, set forth facts admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters to which he attests. La.Code Civ.P. art. 967(A). Personal knowledge is based on what the affiant actually saw or heard, as opposed to what he learned second hand from another source. Conclusory statements about an affiant's competency or personal knowledge do not satisfy La.Code Civ.P. art. 967(A).
>
> [Louisiana Code of Civil Procedure] Article 967's requirement of personal knowledge is not satisfied by the mere statement that the affidavit is made on "personal knowledge" since that would tend to make the affiant both judge and witness. The requirement that the affidavit show affirmatively that the affiant is competent to testify to the matters stated therein enables the court to make a determination as to the competency of the affiant as a witness to the material fact at issue. An affirmative showing of competency cannot be established without a

6

> predicate showing of personal knowledge. Otherwise, personal knowledge may be based on hearsay or other incompetent evidence.

> *Unifund CCR Partners v. Perkins*, 12-1851, p. 7 (La.App. 1 Cir. 9/25/13), 134 So.3d 626, 631-32.

Trial courts should not consider any statement made in an affidavit that is not based on the affiant's personal knowledge when deciding a motion for summary judgment. *Fid. Bank v. Vaughn*, 19-47 (La.App. 3 Cir. 6/5/19), 274 So.3d 91.

Ms. Hart does not state affirmatively in her affidavit that it is based on her personal knowledge, but she states that she was employed by Walk-On's and working on the date and at the time Ms. Rogers claims to have been injured. Continuing, she outlines that she reported to work before the restaurant opened and "notice[d]," the floors were "wet and slippery with what looked like a thin, discreet layer of water." She further states that "my manager told the staff the floors were slick and to be careful when we were walking" and that "we were going to put mats down for the customers to walk across until the floors dried." Proceeding, Ms. Hart averred that "[b]efore anyone put mats on the floors[,]" the restaurant allowed customers to enter and that "we started seating customers." She explained that when customers entered the restaurant, "no mats were on the floors, no wet floors [sic] signs were put out on the floors[;]" they "were not told that the floors were wet"; and were not given any "warning of any kind that the floors were wet and slippery." Lastly, Ms. Hart states that the path Ms. Rogers took to the bathroom included stairs which were "wet and slick" like the floors of the restaurant and Ms. Rogers slipped and fell when she reached "the edge of the top stair[.]"

The defendants argue Ms. Hart failed to state in her affidavit that she is the age of majority rendering her affidavit inadmissible. This argument disregards that Ms. Hart states her birth date which shows she was twenty years of age on the date of Ms. Rogers' accident. The defendants further argue that Ms. Hart's affidavit is inadmissible because specific statements she makes therein are not established by the evidence or are opinions that she is not competent to render.

As explained in *Gypsum Subfloors*, 304 So.3d 573, the content of the affidavit determines the matters about which the affiant is competent to testify. Ms. Hart's affidavit affirmatively shows that she has personal knowledge of Walk-On's floors being wet when she arrived at work before the restaurant opened and at the time of Ms. Rogers' fall, as well as management's knowledge of the floors being wet at that time. Accordingly, her affidavit shows that she is competent to testify to those facts. As the defendants argue, however, Ms. Hart's affidavit does not show that she is qualified to opine as to what caused the floors to be wet and slippery and that statement cannot be considered when deciding the merits of the defendants' motion for summary judgment.

### Open and Obvious

The defendants next contend that Walk-On's wet floors were "open and obvious" and that Ms. Rogers' failure to observe the hazard the floors presented and proceed accordingly entitles them to summary judgment. "A trial court can determine whether a condition is 'open and obvious' in a summary judgment motion." *Thibodeaux*, 318 So.3d at 469.

In *Minix v. Pilot Travel Centers, LLC,* 18-1197, p. 5 (La.App. 1 Cir. 5/31/19), 277 So.3d 810, 813, *writ denied*, 19-1074 (La. 10/8/19), 280 So.3d 149, the court held that "a defendant generally does not have a duty to protect against

8

that which is obvious and apparent." The court explained: "An alleged hazard is considered obvious and apparent if it is open and obvious to everyone who may potentially encounter it. The open and obvious inquiry thus focuses on the global knowledge of everyone who encounters the defective thing, not the victim's actual or potentially ascertainable knowledge." *Id*. at 813-14 (citations omitted). The court determined that summary judgment can be granted where "no legal duty is owed because the condition encountered is obvious and apparent to all and, thus, not unreasonably dangerous." *Id*. at 277 So.3d at 814.

Mr. Tompkins' affidavit states that Walk-On's premises were inspected twice daily and that he did not receive any reports of "spills or food," indicating Walk-On's floors were dry and clean of any foreign substance. Ms. Hart's affidavit contradicts these statements, stating the floors were wet and slippery. Being presented with these contradictory attestations as to the condition of Walk-On's floors before Ms. Rogers' accident, this court cannot conclude that the condition is open and obvious without weighing the evidence which is prohibited on summary judgment.

### *Summary Judgment*

Mr. Tompkins' and Ms. Hart's affidavits show that genuine issues of material fact exist as to whether: (1) Walk-On's floors were dry and clean without any foreign substance where Ms. Rogers slipped and fell or wet and slippery; (2) Walk-On's had knowledge that its floors were wet and slippery before opening to serve customers; (3) Mr. Tompkins instructed Walk-On's employees to be careful and put down floor mats; and (4) Walk-On's floors presented an open and obvious condition that Ms. Rogers should have seen before she slipped and fell. These genuine issues of material fact must be resolved before the merit of Ms. Rogers'

9

claim that Walk-On's floors presented an unreasonable risk of harm due to the presence of a foreign substance or an unreasonably slippery surface can be determined. Accordingly, the trial court erred in granting summary judgment in favor of the defendants.

## DISPOSITION

The trial court's judgment granting judgment in favor of All-In Restaurant Group, LLC and State Farm Fire and Casualty Company dismissing Kimberly Rogers' claims is reversed. All costs of this appeal are assessed to All-In Restaurant Group, LLC and State Farm Fire and Casualty Company.

**REVERSED.**