# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DUATLANZER C. MILLER

VERSUS

DG LOUISIANA, LLC

NO. 2022 CW 0063

MAY 12, 2022

---

In Re:    DG Louisiana, LLC, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 202013600.

---

**BEFORE:    GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**WRIT GRANTED.** The judgment of the district court signed on January 31, 2022, denying the motion for summary judgment filed by the defendant, DG Louisiana, LLC, is reversed. Under La. R.S. 9:2800.6(B)(2), the plaintiff, Duatlanzer C. Miller, failed to produce evidence sufficient to establish the existence of a genuine issue of material fact as to a hazardous condition that existed for "such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). When relying upon constructive notice under La. R.S. 9:2800.6, a claimant "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence," which is an essential element of the plaintiff's claim. **White v. Wal-Mart Stores, Inc.,** 97-0393 (La. 9/9/97), 699 So.2d 1081, 1082. Therefore, the motion for summary judgment filed by the defendant is granted, and the plaintiff's claims are dismissed.

JMG
WRC

**Holdridge, J.,** concurs. Under Louisiana Code of Civil Procedure Article 966(D), the mover has the burden of proof. In this case, through the deposition of Kelly Pohlman and the discovery responses, the relator proved that the plaintiff fell on the store floor, there may have been a damp substance on the floor, and if there was a substance on the floor, the store manager and only employee in the store did not know how long the substance was on the floor. Under Article 966(D)(1), the burden then shifted to the plaintiff to produce evidence that a substance was on the floor at the time the plaintiff fell, the substance created a hazardous condition, and the hazardous condition existed for such a period of time that the relator should have discovered it. The plaintiff failed to carry her burden of producing evidence of a material factual dispute by proving that a hazardous condition existed on the floor of the store for a length of time sufficient to put the relator on notice of its existence. **White v. Wal-Mart stores Inc.,** 97-0393 (La 9/9/97), 699 So.2d 1081, 1082. Therefore, the trial court erred in not granting the motion for summary judgment.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT