STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0194

FERDINAND BONANO

VERSUS

DOCAR SALES, INC., DOCAR POWERTRAIN SPECIALISTS, L.L.C.,
DJL PROPERTIES, L.L.C., DOCAR TRUCK PARTS AND
EQUIPMENT, INC.

Judgment Rendered: _____MAR 2 0 2025_____


Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2021-13834

The Honorable William H. Burris, Judge Presiding


Elisabeth W. Ramirez
Covington, Louisiana

Counsel for Plaintiff/Appellant,
Ferdinand Bonano


Morgan J. Wells, Jr.
Metairie, Louisiana

Counsel for Defendants/Appellees,
Docar Powertrain Specialists, LLC and
Docar Truck Parts and Equipment, LLC


BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

Plaintiff/Appellant, Ferdinand Bonano, appeals a summary judgment dismissing his claims against Defendants/Appellees, Docar Truck Parts and Equipment, Inc. and Docar Powertrain Specialists, LLC, with prejudice. For the reasons that follow, we reverse.

## FACTS

On November 2, 2020, Ferdinand Bonano ("Mr. Bonano") was entering Docar Truck Parts and Equipment, Inc. ("Docar Truck Parts") when he tripped and fell. Mr. Bonano was taken to St. Tammany Parish Hospital for treatment. As a result of the fall, Mr. Bonano sustained injuries including fractured ribs and injuries to his hands, wrists, shoulders, and neck. Thereafter, on September 16, 2021, Mr. Bonano filed a "Petition for Damages," naming Docar Truck Parts, Docar Sales, Inc. ("Docar Sales"), DJL Properties, L.L.C. ("DJL Properties"), and Docar Powertrain Specialists, L.L.C. ("Docar Powertrain") as defendants. On November 30, 2021, Docar Truck Parts and Docar Powertrain (hereinafter collectively referred to as "Docar") filed an answer and request for jury trial, and on February 22, 2022, Docar Sales and DJL Properties also filed an answer and request for jury trial.[1]

On July 17, 2023, Docar filed a motion for summary judgment, contending it is not the owner of the premises where Mr. Bonano tripped and fell and it did not have a duty to protect Mr. Bonano from damage caused by any alleged defect in the premises. Thereafter, on October 9, 2023, Mr. Bonano filed an opposition to Docar's motions for summary judgment.[2] Docar filed its reply memorandum in

---

[1] We note that at the time Mr. Bonano fell, the business was named at Docar Truck Parts, however it was later merged into Docar Powertrain.

[2] In support of his opposition, Mr. Bonano filed (1) excerpts of the deposition of George Schayer; (2) excerpts of the deposition of Darrin Guzzardo; (3) excerpts of the deposition of Joseph Pertuit; (4) excerpts from certified records of St. Tammany Parish Hospital; (5) an excerpt from certified records of Dr. Reis Plauche; (6) excerpts from the deposition of Mr.

support of its motions for summary judgment on October 19, 2023. In its reply, Docar objected to evidence attached to Mr. Bonano's opposition. Specifically, it argued the affidavits of Carlos Ramirez and Fabian Patin contain unreliable and inadmissible opinions that are not proper under La. C.E. art. 702.[3]

The hearing on the motion for summary judgment was held on October 25, 2023. The trial court overruled the objections to the affidavits and granted summary judgment in favor of Docar and against Mr. Bonano, dismissing Mr. Bonano's claims against Docar with prejudice. A judgment to that effect was signed on November 8, 2023. Mr. Bonano appeals, contending the trial court erred in granting summary judgment in favor of Docar.[4]

## SUMMARY JUDGMENT[5]

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Aldridge v. Greenbrier Hospital, L.L.C., 2023-0526 (La. App. 1st Cir. 3/13/24), 385 So. 3d 712, 720, writs denied, 2024-00480, 2024-00484, 2024-00492 (La.

---

Bonano; (7) the affidavit of Carlos A. Ramirez with photographs attached; (8) the affidavit of Dennis R. Howard with his curriculum vitae attached; (9) the affidavit of Fabian A. Patin with his expert report attached; and (10) the affidavit of Mr. Bonano.

[3] We note that on October 24, 2023, Mr. Bonano filed a "Response to Reply Memorandums of Defendants." This type of reply memorandum is not permitted under La. C.C.P. art. 966. Thus, it is not considered in our *de novo* review. See La. C.C.P. art. 966(B).

[4] We note that Mr. Bonano filed two appeals from two judgments signed by the trial court on November 8, 2023. Docar filed its first motion for summary judgment on July 17, 2023. That motion for summary judgment was heard on October 25, 2023, the judgment was signed on November 8, 2023, and Mr. Bonano appealed the judgment on November 30, 2023. Thereafter, Docar Sales and DJL Properties' filed a motion for summary judgment on August 4, 2023, and Docar filed a second motion for summary judgment on August 14, 2023. Those motions were heard on October 25, 2023, the judgment was signed on November 8, 2023, and Mr. Bonano appealed the judgment on November 30, 2023. The judgment before us stems from the judgment rendered after a hearing on Docar's motion for summary judgment that was filed in the trial court on July 17, 2023.

[5] Louisiana Code of Civil Procedure article 966 was amended by La. Acts 2023, No. 317, § 1; La. Acts 2023, No. 368, § 1, effective August 1, 2023. This court has determined that the amendments are substantive and cannot be applied retroactively. See La. C.C.P. art. 966, Comments – 2023, Comment (f); Ricketson v. McKenzie, 2023-0314 (La. App. 1st Cir. 10/4/23), 380 So. 3d 1, 6. Accordingly, we apply the version of La. C.C.P. art. 966 in effect at the time of the October 25, 2023 hearing on the motion for summary judgment to the matter before us. See Duckworth v. Curole, 2023-0611 (La. App. 1st Cir. 4/19/24), 389 So. 3d 832, 838.

3

9/17/24), 392 So. 3d 633, 634, 635. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Leet v. Hospital Service District No. 1 of East Baton Rouge Parish, 2018-1148 (La. App. 1st Cir. 2/28/19), 274 So. 3d 583, 586-587.

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial **on the issue that is before the court** on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1) (Emphasis added). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. If the adverse party fails to meet this burden, the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1); Sylvest v. Rolling, 2024-0408 (La. App. 1st Cir. 11/13/24), ___ So. 3d ___, ___, 2024 WL 4762489, *2.

## DISCUSSION

The issue before the court as identified by the mover is whether it owed a duty to Mr. Bonano to protect him from damage caused by any alleged defect in the premises. As the mover on the motion for summary judgment, Docar bore the initial burden of proof. See La. C.C.P. art. 966(D)(1); see also Pontchartrain Partners, LLC v. Terrebonne Levee and Conservation District, 2024-0982 (La.

4

App. 1ˢᵗ Cir. 2/28/25), ___ So. 3d ____, ____, 2025 WL 656253, *5. However, because Docar would not bear the burden of proof at trial, it was not required to negate all essential elements of Mr. Bonano's claim. Rather, it was required to point out an absence of factual support for the element of duty put at issue in its summary judgment motion. See La. C.C.P. art. 966(D)(1).

Mr. Bonano's claims against Docar are based upon delictual liability pursuant to La. C.C. arts. 2315, 2317, 2317.1, and La. R.S. 9:2800.6. Pursuant to La. R.S. 9:2800.6, generally, a merchant owes a duty of reasonable care to keep its premises in a reasonably safe condition, free of hazardous conditions. Jones v. Market Basket Stores, Inc., 2022-841 (La. 3/17/23), 359 So. 3d 452, 462. Louisiana Revised Statutes 9:2800.6 provides, in part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Thus, pursuant to La. R.S. 9:2800.6, in order to prevail on a negligence claim brought under the statute, the claimant must prove the three enumerated requirements set forth therein, in addition to "all other elements" of the claimant's cause of action. While there is some overlap, because a claim under La. R.S.

5

9:2800.6 is a negligence claim, these "other elements" are duty, breach, cause in fact, risk and harm within the scope of duty, and actual damages. See Quereau v. Sam & Brett LLC, 2024-0243 (La. App. 1st Cir. 10/3/24), ___ So. 3d ____, ____, 2024 WL 4378812, *4.

Louisiana Civil Code article 2315(A) provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Louisiana Civil Code article 2317 states: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by … things we have in our custody." Farrell v. Circle K Stores, Inc., 2022-00849 (La. 3/17/23), 359 So. 3d 467, 472. Regarding premises liability, La. C.C. art. 2317.1 provides that the plaintiff has the burden of proving: (1) the property which caused the damage was in the custody of the defendant; (2) the property had a condition that created an unreasonable risk of harm; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. McCoy v. Manor, 2018-1228 (La. App. 1st Cir. 5/9/19), 277 So. 3d 344, 348.

Ultimately, whether a claim arises in negligence under La. C.C. art. 2315, premises liability under La. C.C. art. 2317.1, or merchant's liability under La. R.S. 9:2800.6, courts utilize the same traditional duty/risk analysis to determine whether liability exists. Rainey v. Knight, 2023-0133 (La. App. 1st Cir. 11/3/23), 378 So. 3d 116, 121; See White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084 n.3. Under the duty/risk analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the

6

scope of duty element); and, (5) proof of actual damages (the damages element). If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. Farrell, 359 So. 3d at 473.

As previously explained, the mover bases its motion on the assertion that it bears no duty and points to an absence of factual support as to that element. The existence of a duty is a question of law. Bertrand v. Jefferson Arms Apartments, LLC, 2022-1195 (La. App. 1st Cir. 4/14/23), 366 So. 3d 595, 602. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendants owed him a duty. Farrell, 359 So. 3d at 473.

Docar contends it is not the owner of the premises and is not responsible for maintaining the building, so it is entitled to summary judgment as a matter of law because it had no duty to Mr. Bonano. In support of its motion for summary judgment, Docar attached (1) Mr. Bonano's petition; (2) Docar's answers to interrogatories and responses to requests for production of documents; (3) the deposition of Dobby Lachney; and (4) the affidavit of Dobby Lachney.

The petition indicates that Mr. Bonano fell at Docar Truck Parts, which was later merged into Docar Powertrain. It further states that Docar sold truck parts and equipment. Since Docar sold goods at a fixed place of business, it is a "merchant" under La. R.S. 9:2800.6(C).[6] Further, Docar's answers to interrogatories provide that it was responsible for routine maintenance of the property and Docar Sales was responsible for major repairs. Moreover, Dobby Lachney's affidavit states that

---

[6] Louisiana Revised Statutes 9:2800.6(C)(2) provides:

"Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

Docar Sales verbally leased the property to Docar and that there was no written lease.

After *de novo* review, we find Docar failed to point out an absence of support for the element of duty put at issue in its summary judgment motion. The burden did not shift to Mr. Bonano since Docar's exhibits establish that Docar operated out of the building and bore a duty as a merchant. We find that Docar owed a duty to Mr. Bonano to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition and exercise reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. A merchant's duty to its patrons is not obviated by the coexistent duty of the property owner. Thus, we find that the trial court erred in granting summary judgment in favor of Docar and against Mr. Bonano on the element of duty.

## CONCLUSION

For the above and foregoing reasons, the November 8, 2023 judgment of the trial court granting Docar Truck Parts and Equipment, Inc. and Docar Powertrain Specialists, LLC's motion for summary judgment and dismissing Ferdinand Bonano's claims against them, with prejudice, is reversed. Costs of this appeal are assessed to Docar Truck Parts and Equipment, Inc. and Docar Powertrain Specialists, LLC.

**REVERSED.**